UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sherry Lynn Smith-Grube, | Case No. 2:21-cv-01574-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF Nos. 19 and 22** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff[1] Sherry Lynn Smith-Grube's application for disability benefits under Title II of the Social Security Act. The Court reviewed Plaintiff's motion for reversal or remand (ECF No. 19), filed January 17, 2022, and the Commissioner's response and cross-motion to affirm (ECF Nos. 22, 23), filed March 17, 2022. Plaintiff did not file a reply.

On August 25, 2021, the parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c), and this matter was assigned to the undersigned magistrate judge for an order under 28 U.S.C. § 636(c).

**I.   BACKGROUND**

**1.   Procedural History**

On March 27, 2018, Plaintiff applied for disability insurance benefits under Title II of the Act, alleging an onset date of April 30, 2017. ECF No. 12-1[2] at 258–59. Plaintiff's claim was

---

[1] The Court will use claimant and plaintiff throughout this Order. The terms are interchangeable for the purposes of this Order.
[2] ECF No. 12 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. (Notice of Electronic Filing (ECF No. 12)). All citations to the Administrative Record will use the CM/ECF page numbers.

denied initially and on reconsideration. *Id*. at 195–198; 200–204. A telephonic hearing[3] was held before Administrative Law Judge Vincent A. Misenti on November 3, 2020. *Id*. at 143–64. On December 28, 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 18–31. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on June 23, 2021. *Id*. at 6–12. Plaintiff, on August 25, 2021, commenced this action for judicial review under 42 U.S.C. § 405(g). *See* Compl. (ECF No. 1).

## II.     DISCUSSION

### 1.     Standard of Review

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are not supported by substantial evidence or if they are based on legal error. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing

---

[3] The hearing was held telephonically due to COVID-19. ECF No. 12-1 at 145.

both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion but whether the final decision is supported by substantial evidence. As a result, it is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2. Disability Evaluation Process and the ALJ Decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). More so, the individual must also provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If

at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)–(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

---

[4] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are "entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Bray*, 554 F.3d at 1224 (citations omitted) (finding that the ALJ erred in disregarding SSR 82-41).

But before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. ECF No. 12-1 at 23–31.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 30, 2017. *Id*. at 23.

At step two, the ALJ found that Plaintiff had the following medically determinable "severe" impairments: lumbar degenerative disc disease and left knee degenerative joint disease. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically noting Listings 1.02 and 1.04A. *Id*. at 24–25.

Before moving to step four, the ALJ found that Plaintiff had the RFC to perform sedentary work with the following exceptions: She can climb ramps and stairs occasionally; she can balance, stoop, kneel, crouch, or crawl occasionally; she can never climb ladders or scaffolds; she can never work at unprotected heights; and she must avoid concentrated exposure to work around moving mechanical parts. *Id*. at 25.

At step four, the ALJ found that Plaintiff can perform past relevant work as a compliance officer and secretary. *Id*. at 30. Having found that Plaintiff could perform PRW, the ALJ then concluded that she was not under a disability at any time from April 30, 2017 through the date of his decision. *Id*. at 31.

**3.   Analysis**

**A.   The ALJ's step-three finding**

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, including Listings 1.02 and 1.04(A). ECF No. 12-1 at 24.

The parties disagree about whether the ALJ erred (at this step) by finding that Plaintiff did not meet Listing 1.04(A). *Compare* ECF No. 19 at 10–13 *with* ECF No. 22 at 23–25. While Plaintiff contends that the ALJ failed to explain with specificity why Plaintiff's symptoms did not meet Listing 1.04(A), the Commissioner argues that the ALJ did provide a sufficient explanation

1    but that, regardless, Plaintiff has failed to establish that she suffered from Listing 1.04(A)

2    symptoms for a continuous 12-month period.[5] *Id*.

3       To meet the requirements of a listing, the claimant "must have a medically determinable

4    impairment that satisfies all of the criteria in the listing." 20 C.F.R. § 404.1525(d); *see also*

5    *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "An ALJ must evaluate the relevant evidence before

6    concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate

7    finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis*

8    *v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.

9    1990)). But the ALJ is not required to state why a claimant fails to satisfy each criteria of the

10   Listing if he adequately summarizes and evaluates the evidence throughout his

11   opinion. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200–01 (9th Cir. 11 1990); *Lewis*, 236 F.3d at

12   512.

13      Listing 1.04(A) requires that a plaintiff suffer from a spine disorder (such as degenerative

14   disc disease) with "[e]vidence of nerve root compression characterized by neuro-anatomic

15   distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle

16   weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement

17   of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt.

18   P, App. 1, § 1.04(A).

19      Here, the ALJ found, at step three, that Plaintiff's degenerative disc disease does not meet

20   or equal Listing 1.04(A) because "medical records do not describe neuro-anatomic distribution of

21   pain with limitation of motion of the spine, motor loss, sensory or reflex loss and positive straight

22   leg raising[.]" ECF No. 12-1 at 25.

---

[5] The ALJ does not address the Commissioner's argument that Plaintiff failed to establish that her Listing 1.04(A) symptoms persisted for a continuous 12-month period. As a result, the Court does not reach this issue. *See Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003) (noting that the court is constrained to review only the reasons cited by the ALJ); *see also Bray,* 554 F.3d at 1225 ("Longstanding principles of administrative law require [courts] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The Court finds this to be a "boilerplate finding [that] is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a listed impairment]." *Lewis*, 236 F.3d at 512. But, contrary to Plaintiff's position, the Court's analysis cannot end here. *See id.* This is so because the Ninth Circuit has instructed courts to look to other portions of the ALJ's decision (and not just his step-three finding) to determine whether his step-three finding is supported by substantial evidence. *See id.* As a result, the Court will review the ALJ's entire decision, including his RFC discussion, to learn whether it may lend support to his step-three determination. *See id.*

As noted above, the ALJ found that Plaintiff did not meet Listing 1.04(A) because the record did not describe any of the Listing 1.04(A) criterion. ECF No. 12-1 at 25. But, when discussing Plaintiff's RFC, the ALJ cited to evidence supporting a finding that Plaintiff satisfied at least some of the Listing 1.04(A) criterion. For example, the ALJ noted that Plaintiff had positive straight leg raising tests on April 2, 2018 and October 8, 2018. *Id*. at 26–27. Similarly, the ALJ also cited to evidence showing that Plaintiff (at times) walked with a limp and suffered from an antalgic gait. *Id*. at 27. He also referenced evidence of Plaintiff's limited range of motion in her lumbar spine. *Id*. at 28.

At the same time, the ALJ also cited to evidence that Plaintiff had, at other times, negative straight leg raising tests (e.g., on November 4, 2019; January 29, 2020) and a normal gait (e.g., on April 21, 2017 and April 27, 2017). *Id*. at 26, 28. In light of this conflicting evidence and the fact that the ALJ does not wholly discredit or disagree with any of the above findings, the Court cannot properly assess the ALJ's determination without further explanation. This is because the Court cannot "discern whether the ALJ was rendering conclusions about Plaintiff's impairments when he referenced the medical reports or merely noting the existence of the reports." *Castaneda v. Colvin*, No. CV 12-02212 SS, 2013 WL 1191438, at *7 (C.D. Cal. Mar. 22, 2013).

In short, the ALJ's conclusory step-three finding coupled with citations to conflicting evidence are, without more, insufficient to establish that Plaintiff does not satisfy Listing 1.04(A) (or any other subsection of Listing 1.04). *See, e.g., Delacruz v. Berryhill*, No. 18-CV-00715-YGR, 2019 WL 2644235, at *8 (N.D. Cal. June 27, 2019) (finding that the court "cannot properly assess the ALJ's determination without further explanation" where the ALJ "cited to evidence supporting a finding that [claimant] satisfied at least some of the Listing 1.04 criterion" but "concluded that Listing 1.04 wasn't satisfied").

Importantly, the Court is not finding that Plaintiff has (or has not) satisfied any Listing, including Listing 1.04(A). The Court only finds that because the ALJ did not sufficiently explain his step-three findings (at any point in his decision), he erred. *See Carpenter v. Colvin*, No. CV 15-0792-RAO, 2016 WL 858852, at *7 (C.D. Cal. Feb. 29, 2016). And because the error is not harmless (as it was consequential to the ultimate non-disability determination), reversal of the ALJ's determination is warranted. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (citation omitted) (noting that an error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination."); *see also David S. v. Kijakazi*, 2022 U.S. Dist. LEXIS 91414, at *13 (C.D. Cal. May 20, 2022) (finding remand appropriate where "further development of the ALJ's analysis regarding whether Plaintiff's impairments meet or equal Listing 1.04(A)" was required due, in part, to a conclusory step-three finding and citations to conflicting medical evidence).

### B. Plaintiff's pain and symptom testimony

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" but her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." ECF No. 12-1 at 26. The ALJ reasoned that her pain and symptom testimony is "not entirely consistent" with the objective medical evidence. *Id*. at 29.

Plaintiff argues that the ALJ erred in his consideration of Plaintiff's symptom testimony whereas the Commissioner contends that the ALJ "fairly considered Plaintiff's symptom

allegations and provided specific reasons, supported by substantial evidence, for how he evaluated those allegations." *Compare* ECF No. 19 at 13–21 *with* ECF No. 22 at 13–23.

An ALJ engages in a two-step analysis to determine whether a plaintiff's testimony regarding subjective pain or symptoms is credible. First, the ALJ "must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted). Second, if the plaintiff meets the first test and the ALJ does not find evidence of malingering, the ALJ must provide "specific, clear, and convincing" reasons for rejecting a plaintiff's testimony about the severity of her symptoms. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).

The Ninth Circuit has recognized the "specific, clear, and convincing" evidence standard to be "the most demanding required in Social Security cases" and "not an easy requirement to meet." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citation omitted). This is so because "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the [plaintiff's] complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Here, because there is no dispute that Plaintiff's impairments, as of the alleged onset date, could have caused the symptoms that she testified about at the ALJ hearing, the ALJ had to make a credibility determination as to Plaintiff's testimony. *Molina*, 674 F.3d at 1112. And because the ALJ did not find that Plaintiff was a malingerer, the ALJ had to provide specific, clear, and convincing reasons, supported by substantial evidence, to discount Plaintiff's subjective symptom testimony. *Ghanim*, 763 F.3d at 1163.

Contrary to the Commissioner's position,[6] the ALJ cited only one reason for discounting Plaintiff's pain and symptom testimony—that her testimony is "not entirely consistent with the

---

[6] As the Commissioner is aware, the Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010.

evidence." ECF No. 12-1 at 29. The ALJ then proceeded to find that progress notes contradicted Plaintiff's statements about having "difficulty ambulating" and those regarding "her knees giving out weekly or daily[.]" *Id*. The Court does not find this reason convincing for several reasons. First, some of the cited progress notes indicate multiple reports of Plaintiff falling. *Id*. The ALJ even acknowledged this, though he did not expressly address how these reported falls are inconsistent with Plaintiff's testimony. Moreover, the ALJ cited to multiple progress notes indicating that Plaintiff "was 'not considered a risk for falls[.]'" *Id*. But the ALJ failed to address how this assessment that was made in 2015—over two years before Plaintiff's alleged onset disability date—contradicts Plaintiff's statements.

The ALJ also cited to several progress notes indicating that Plaintiff was not in "acute" or "apparent" distress to suggest that such medical evidence is inconsistent with her testifying that her pain level is a "7/10 after taking pain medication[.]" *Id*. at 29–30. Again, the Court finds this reason neither clear nor convincing. This is so because it is unclear that a pain level of 7/10 would be in conflict with a finding of no apparent or acute distress at seven doctor's visits that took place over several years—between 2017 and 2020. As the Ninth Circuit has held, "[o]ccasional symptom-free periods . . . are not inconsistent with disability[.]" *Lester*, 81 F.3d at 833. Put another way, the ALJ failed to explain *how* a handful of progress notes from random time periods indicating no acute or apparent distress conflicts with Plaintiff's pain testimony.

Furthermore, the Ninth Circuit has held that a "lack of objective medical evidence cannot be the sole reason to discredit [a] claimant's testimony[.]" *Allen R. v. Saul*, No. 6:20-CV-00790-SB, 2021 WL 4468922, at *5 (D. Or. Sept. 29, 2021) (citing *Taylor v. Berryhill*, 720 F. App'x 907, 907 (9th Cir. 2018)).

The Court therefore finds that the ALJ erred by not providing specific, clear, and convincing reasons for rejecting Plaintiff's pain and symptom testimony. *See Thomas*, 278 F.3d at 958 ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the plaintiff's] testimony."); *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (quoting *Robbins*, 466 F.3d at 883) ("[A]n ALJ 'may not disregard [a claimant's testimony] solely because it is not

substantiated affirmatively by objective medical evidence[.]'"). It further finds that this error is not harmless because it precludes the Court from conducting a meaningful review of the ALJ's reasoning and ensuring that Plaintiff's testimony was not rejected arbitrarily. *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). As a result, remanding for the ALJ to reassess Plaintiff's pain and symptom testimony and, in turn, Plaintiff's RFC,[7] is warranted.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's motion to remand (ECF No. 19) is GRANTED.

**IT IS FURTHER ORDERED** that, on remand, should the ALJ find that Plaintiff's medical evidence does not satisfy the requirements of a Listing at step three, the ALJ should continue the disability evaluation to steps four and five, including reconsidering Plaintiff's pain and symptom testimony as well as her RFC.

**IT IS FURTHER ORDERED** that the Commissioner's cross-motion to affirm (ECF Nos. 22, 23) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment in favor of Plaintiff Sherry Lynn Smith-Grube and against Defendant Commissioner of Social Security.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to close this case.

DATED: June 8, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[7] The ALJ must reassess Plaintiff's RFC because he "must take 'the claimant's subjective experiences of pain' into account when determining the RFC." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (quoting Garrison, 759 F.3d at 1011).